**Alfred Carlton MARBLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–92–01275–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 31, 1994.

Richard L. Manske, El Campo, for appellant.

Jim Mapel, Dist. Atty., Mary Peter Cudd, Asst. Atty., Angleton, for appellee.

Before ANDELL, O'CONNOR and HEDGES, JJ.

## OPINION

ANDELL, Justice.

A jury found appellant, Alfred Carlton Marbles, guilty of theft as charged in the indictment. Appellant plead true to one enhancement paragraph, and the trial court assessed punishment at 10–years confinement. In two points of error, appellant challenges the sufficiency of the evidence to support his conviction and the admission into evidence of stolen property other than the camcorder in question.

Willie Greer testified that he was the general manager for Crawford's Furniture in Brazoria County, Texas, and was so employed on September 30, 1991. He stated the store had for sale a Curtis Mathis camcorder on that date, and that on October 1, 1991, he noticed the camcorder missing. A check of all the store's records showed the camcorder had not been sold, sent back to the factory, or sent to the shop.

Greer next saw the camcorder on May 22, 1992, at the Brazoria County sheriff's office. He identified the camcorder as the one missing from Crawford's by the model number, serial number, and Crawford price tag. He said the missing camcorder was the one shown in the photographs admitted into evidence as State's exhibits one and two.

Officer Falks of the Brazoria County sheriff's department testified he received a call from the Wharton police department on December 14, 1991. Wharton had recovered

the missing Curtis Mathis camcorder; Officer Falks went to Wharton and brought it back to Brazoria. On May 22, 1992, he turned the camcorder over to Greer, who identified it as the one taken from Crawford's by comparing the serial number to his paperwork. Falks took two photographs of the camcorder at that time, which were introduced into evidence as State's exhibits one and two.

Officer Denson of the Wharton police department testified he was on duty at 2:00 a.m. on December 14, 1991. About that time, a car driven by James Riffle and owned by appellant, in which appellant was a passenger, was stopped by the Wharton police. Two outstanding warrants on appellant were served: failure to maintain financial responsibility and failure to appear, both class-C misdemeanors. Appellant was taken into custody, and his car was towed to the police department. The car was not released to Riffle because he could not produce a driver's license and appellant did not want his car released to Riffle. Denson stated that he had seen appellant driving his car earlier that night.

According to Denson, the car was inventoried as required by police department policy. In the trunk, the police found a Curtis Mathis camcorder that they determined was stolen out of Brazoria County based on its model number and serial number. He said the price tag was still attached to it. The police also recovered from the trunk ear protectors, missing from the Wharton police department firing range. They were identified by the markings, "W.C.J.C."

■ In reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State,* 820 S.W.2d 154, 163 (Tex.Crim.App. 1991).

■ Normally, recent, unexplained possession of stolen property is a sufficient circumstance, in and of itself, to convict the possessor of stolen property of theft. *Sutherlin v. State,* 682 S.W.2d 546, 549 (Tex.Crim.App. 1984). However, before such a presumption is applied, there must be evidence that such possession was recent, personal, unexplained, and involved a distinct and conscious assertion of right to the property. *Id.; Todd v. State,* 601 S.W.2d 718, 720 (Tex.Crim.App. [Panel Op.] 1980); *Lewis v. State,* 763 S.W.2d 458, 459 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

In interpreting whether the time period between the theft and the recovery of the stolen property was "recent" or "too remote," the Court of Criminal Appeals, in *Smith v. State,* 518 S.W.2d 823, 824–25 (Tex.Crim.App. 1975), found that a period of 28 days between the theft and recovery of a stolen friction saw was not too remote in time. The court in *Wall v. State,* 167 Tex.Crim. 634, 322 S.W.2d 641, 643 (App.1959), concluded that the defendant's possession of a stolen car two months after it was stolen was not too remote in time. In *Preston v. State,* 147 Tex. Crim. 79, 178 S.W.2d 522, 523 (App.1944), the court held as a matter of law that the discovery of a stolen radio 15 months after the theft was not recent. The court in *Sutherlin,* 682 S.W.2d at 549–50, held as a matter of law that the evidence was insufficient to sustain the defendant's conviction where it rested on mere possession of the stolen bulldozer five months after the actual theft. *But see Ellard v. State,* 509 S.W.2d 622, 623–24 (Tex. Crim.App.1974) (gun found in defendant's possession nearly five months after theft and defendant's telephone number the one given to a gun dealer that bought other guns taken in the burglary of a gunshop; held: not error to allow jury to determine weight to be given defendant's possession of pistol). We conclude here that the discovery of the stolen camcorder in the trunk of appellant's car, approximately two and one-half months after the theft, was not too remote in time.

■ In reviewing whether a defendant had personal possession of the stolen property, the Court of Criminal Appeals has concluded that the evidence was insufficient to show

personal possession where the stolen property was recovered, while the defendant was in the hospital, from a bedroom the defendant had shared with his girlfriend in his mother's apartment. *Rodriguez v. State*, 549 S.W.2d 747, 749 (Tex.Crim.App.1977). The court has also found the evidence insufficient to prove possession where a defendant exercised joint control of the premises where the stolen property was temporarily stored, but there was no evidence the defendant asserted control over the stolen property or that he was ever aware the property was stolen. *McKnight v. State*, 399 S.W.2d 552, 555 (Tex. Crim.App.1966). The Dallas Court of Appeals has found that a stolen flashlight, out of sight and underneath the driver's seat, in a car of which the defendant had "possession" (although the defendant was arrested 300 feet from the car and there was no evidence on how long it had been since he had occupied the car or if he were the sole occupant), was insufficient to connect the defendant to the theft. *Jordan v. State*, 658 S.W.2d 675, 676 (Tex.App.—Dallas 1983, no pet.). We distinguish *Rodriguez, McKnight* and *Jordan* from the facts of this case because appellant was the owner of the car in which the stolen camcorder was found, had been seen earlier the same night driving the car, and directed that his car not be turned over to anyone else.

■ Any explanation relating to the possession of stolen property must be given by the defendant at the time of his arrest. *Hardesty v. State*, 656 S.W.2d 73, 77 (Tex.Crim. App.1983); *Valdez v. State*, 623 S.W.2d 317, 322 (Tex.Crim.App. [Panel Op.] 1979) (op. on reh'g); *Brown v. State*, 804 S.W.2d 566, 570 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). There was no explanation by appellant here; the camcorder was found during the inventory search at the police station after appellant had already been arrested and taken away.

■ The actions of the defendant may show a conscious assertion of right to the property. *See Todd*, 601 S.W.2d at 720 (defendant was towing the stolen welder behind his pickup truck); *Kuczaj v. State*, 848 S.W.2d 284, 289 (Tex.App.—Fort Worth 1993, no pet.) (defendant pawned the stolen electronic equipment). However, the Austin Court of Appeals has held that there was no evidence that a defendant had asserted a right to stolen property where it was discovered in his attic only after he had just told the complainant that he had found her property. *England v. State*, 727 S.W.2d 810, 812 (Tex.App.—Austin 1987, no pet.). We find that appellant made a conscious assertion of right to the camcorder because it was in the trunk of his car and because he did not want his car released to anyone.

We hold the evidence was sufficient to support appellant's conviction for theft because it showed recent, personal, unexplained, and a distinct and conscious assertion of right to the stolen property. We overrule appellant's first point of error.

■ Officer Denson's testimony that stolen ear protectors were found in the trunk of appellant's car along with the camcorder was allowed into evidence over the objection of appellant. Immediately after Denson testified that theft charges were filed against appellant based on his possession of the ear protectors, the State offered as exhibit three a copy of the complaint signed by a representative of the Wharton police department to which was attached a copy of the offense report, showing that stolen ear protectors were in appellant's car trunk along with the camcorder. Appellant's counsel affirmatively stated he had no objection to exhibit three.

When the defendant affirmatively asserts at trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission despite a previous ruling. *Mayberry v. State*, 532 S.W.2d 80, 83–84 (Tex.Crim.App.1975) (op. on reh'g) (objection based on chain of evidence sustained; chain of evidence established; defense counsel specifically stated when exhibits introduced, "no objection"; nothing presented for review); *see also Dean v. State*, 749 S.W.2d 80, 83 (Tex.Crim.App.1988) (appellant waived review of admissibility of items seized during warrantless search because after losing pretrial motion to suppress, affirmatively stated had no objections when State introduced same evidence at trial); *Harris v. State*, 656 S.W.2d 481, 484

(Tex.Crim.App.1983) (complaint on the overruling of motion to suppress evidence obtained as a result of illegal search and seizure rendered moot when State offered evidence and defense counsel affirmatively stated "no objection").

We overrule appellant's second point of error and affirm the trial court's judgment.