Opinion issued February 6, 2003









 



In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-00292-CR
 

 
 
BYRON KEITH GASTON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 841719
 

 
 
MEMORANDUM OPINION
 
          Appellant, Byron Keith Gaston, pleaded not guilty to sexual assault of a child.


 The
jury found him guilty and assessed his punishment at 10 years in prison. In five points of
error, appellant argues that (1) the trial court improperly denied his motion to suppress his
written and recorded confession; (2) the trial court erred when it failed to instruct the jury
during the punishment phase regarding the State’s burden of proof for extraneous offenses
and the voluntariness of confessions; and (3) his trial counsel was ineffective. We affirm.
Facts
           In October 1999, appellant was living with his wife, S.G., and her three children. The
complainant, L.G., appellant’s 14-year-old stepdaughter, testified that, when she and
appellant were home alone, appellant offered her alcohol and marihuana. After L.G.
accepted both, appellant touched L.G.’s breast and took her into her bedroom where he
sexually assaulted her.
           L.G. did not immediately tell her mother that appellant assaulted her because she was
afraid. Eventually, however, L.G. told her older sister, D.G., about the assault. In March
2000, S.G. beat L.G. with an extension cord because she had been expelled from school. 
Following a presentation at school about child abuse, L.G. showed the school personnel the
welts from the beating and also told them that she had been sexually assaulted by appellant. 
L.G. was placed with Child Protective Services, who contacted both appellant and S.G. 
After learning about the assault, S.G. attempted to force L.G. to confront appellant, but L.G.
refused to do so. Houston Police Officer Kendal Clark questioned appellant about L.G.’s
allegations, and appellant confessed to having sexual intercourse with his stepdaughter. 
Clark transcribed the confession because appellant said he was nervous; Clark also tape
recorded the confession.
Extraneous Offenses
           In his first point of error, appellant argues that, at the punishment phase, the trial court
erred because it failed to instruct the jury that it could not consider any evidence of
extraneous offenses or bad acts unless these were proved beyond a reasonable doubt. 
Further, appellant argues that the omission of the instruction by the trial court resulted in
egregious harm, entitling him to a new punishment trial.
           During the punishment phase of trial, appellant stipulated that he had previously been
convicted of unlawfully carrying a weapon and admitted that he had a prior deferred
adjudication for possession of cocaine. In addition, appellant’s stepson testified about two
instances in which appellant disciplined him by stripping him naked and beating him or
threatening him.
           Standard of Review
           Appellant did not object to the jury charge at the punishment phase. The State
concedes that the charge, as written, was erroneous. See Huizar v. State, 12 S.W.3d 479, 484
(Tex. Crim. App. 2000) (holding that even without a request or objection, trial court shall
instruct jury on burden of proof for extraneous offenses admitted pursuant to article 37.07
of Code of Criminal Procedure). It is appellant’s burden to show that he suffered actual
harm, as opposed to theoretical harm, as a result of the charge error. Arline v. State, 721
S.W.2d 348, 351 (Tex. Crim. App. 1986). Because appellant did not object to the omission
of this instruction from the charge, we must determine whether the error was so egregious
and created such harm that appellant “has not had a fair and impartial trial.” Almanza v.
State, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1985); Santos v. State, 961 S.W.2d 304, 306
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). To decide whether the harm was
egregious, we evaluate the harm in light of (1) the entire jury charge; (2) the state of the
evidence, including the contested issues and weight of probative evidence; (3) the argument
of counsel; and (4) any other relevant information revealed by the record of the trial as a
whole. Almanza, 686 S.W.2d at 172; Santos, 961 S.W.2d at 306. 
           Egregious Harm Analysis
           (1) Entire Jury Charge
           The jury charge in the guilt-innocence phase repeatedly invoked the standard of proof
“beyond a reasonable doubt.” However, the trial court did not instruct the jury in the
punishment-phase charge that the burden of proof for extraneous offenses was also “beyond
a reasonable doubt.” This was error. The risk of harm when this instruction is omitted is that
a jury could increase a defendant’s punishment based on extraneous offenses without first
determining if the extraneous offenses have been proved beyond a reasonable doubt. We
note that the charge contained the statement, “The burden of proof in all criminal cases rests
upon the State throughout the trial and never shifts to the defendant” and that it instructed
the jurors that they were “the exclusive judges of the facts proved, of the credibility of the
witnesses and of the weight to be given their testimony.” 
 
           (2) State of the Evidence
           We review the evidence to consider whether the jury charge error related to a
contested issue at trial. See Hutch v. State, 922 S.W.2d 166, 173 (Tex. Crim. App. 1996).
This was a trial for sexual assault of a child. The contested evidence presented at trial
exclusively addressed appellant’s sexual assault of L.G., his minor step-daughter. The
extraneous offenses here did not directly relate to sexual assault, but peripherally addressed
appellant’s treatment of his stepchildren.
           During direct examination at the punishment phase, A.G. testified that on one
occasion, as punishment for being suspended from school, appellant made A.G. remove his
clothes, taped A.G.’s hands and feet to a chair, and then beat him with an extension cord. 
A.G. further testified that on another occasion when he was suspended from school, appellant
stripped A.G., pointed a pistol at A.G.’s penis, and threatened to shoot it off. During cross-examination, A.G. testified he could not remember when either incident took place, not even
the month each occurred. He also testified he did not tell anyone about these incidents. 
There was no testimony from other witnesses corroborating A.G.’s allegations.
           Appellant unequivocally denied both of A.G.’s allegations. Appellant also testified
that he did not own a gun. S.G. testified that she was not aware of either alleged incident. 
She testified that she did not believe appellant owned a gun. She further testified that A.G.
had a bad reputation for not telling the truth.
 
           (3) Arguments of Counsel
           The prosecutor did not mention the extraneous offenses in his opening statement, nor
did he specifically refer to these offenses during closing argument. The only portion of his
closing argument that could be construed as an indirect reference to the extraneous offenses,
because the prosecutor refers to all of the children, not just to L.G., was as follows:
Now, you’ve heard him talk about everything that happened and again he puts
more spin on it? Was there any remorse, any worrying about what he has done
to them? No. It’s here. I can do the probation. His wife said the same thing. 
Oh, I love my kid – this and that. You know what, she made that decision a
long time ago. Her kids aren’t with her, and she’s with him. She knew what
was going on and she didn’t care one iota about their pain, about what he’s
done. It’s time to pay, and he pays with penitentiary time.

In his closing statement, appellant’s counsel did not refer to the offenses alleged by A.G. 
Thus, neither the prosecutor nor defense counsel emphasized the allegations.
           (4) Other Relevant Information
           The jury was aware that appellant supplied alcohol and marijuana to his 14-year-old
stepdaughter.
           Conclusion
           Having considered the entire charge, the state of the evidence in regard to the
contested issues, the argument of counsel, and other relevant information, we must now
determine whether appellant demonstrated egregious harm. Appellant was charged with
sexual assault of a minor, an offense which carries a punishment range of between two and
20 years. See Tex. Pen. Code Ann. § 12.33(a) (Vernon 1994). The prosecutor asked the
jury to assess a punishment of 15 years, and the defense asked for community supervision. 
The jury assessed punishment at 10 years. 
           There is no question that A.G.’s testimony was inflammatory. However, A.G.’s
assertion that he could not remember when either incident occurred—not even to be able to
identify whether it was in August or in January—cast doubt on his story. In addition, the
allegations were contradicted by appellant and his wife, and appellant’s wife testified that
A.G. is not truthful. The jury was able to evaluate the credibility and demeanor of all three
witnesses, and neither the prosecutor nor defense counsel referred to the allegations in
closing arguments. The punishment exceeded the minimum, but it was well below the
maximum and less than the State sought. The jury did not impose a fine. Finally, appellant
stipulated to previous offenses for illegal possession of a firearm and possession of cocaine. 
Thus, the jury’s refusal to recommend community supervision was not unreasonable.
           We therefore conclude that appellant has not met his burden of showing that the error
resulted in egregious harm.
           We overrule point of error one.
Ineffective Assistance of Counsel
           In point of error two, appellant contends that he should receive a new punishment trial
because his trial counsel was ineffective in failing to object to the absence of a jury
instruction on extraneous offenses. To show ineffective assistance of counsel, an appellant
must demonstrate that counsel’s representation fell below an objective standard of
reasonableness based on prevailing professional norms, and that, but for counsel’s errors,
there is a reasonable probability the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064-65, 2068 (1984); 
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). A “reasonable probability”
is defined as a probability sufficient to undermine confidence in the outcome. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A single egregious error of omission or
commission by counsel has been held to constitute ineffective assistance, even in the absence
of a record setting forth counsel’s reasons for the challenged conduct. Vasquez v. State, 830
S.W.2d 948, 950 (Tex. Crim. App. 1992) (per curiam); Valencia v. State, 966 S.W.2d 188,
191 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d).
           In his brief, appellant focuses only on trial counsel’s failure to ask for an instruction
on the burden of proof regarding extraneous offenses. Because we have held that the
absence of such an instruction did not result in egregious harm to appellant, we likewise hold
that this error did not result in a reasonable probability that, but for the error, the result of the
punishment phase proceeding would have been different.
           We overrule point of error two.
           Involuntary Confession
           In point of error four, appellant argues that the trial court erred in refusing to grant his
motion to suppress his written statement to the police. He contends his statement was
involuntary because it was the product of coercion and improper inducement on the part of
the police officer. In point of error three, appellant contends the trial court committed
fundamental error because it failed to instruct the jury regarding the voluntariness of his
confession. We review both points of error together.
           When we review a motion to suppress that turns on the facts and the credibility of the
witnesses, as it did here, we give great deference to a trial court’s determination of historical
fact and examine the evidence in the light most favorable to the trial court’s ruling. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). If the voluntariness of a confession is
challenged, the trial court must make an independent determination in the absence of the jury
as to whether the statement was voluntarily made. Tex. Code Crim. Proc. Ann. art. 38.22
§ 6 (Vernon 1979); Jackson v. Denno, 378 U.S. 368, 380, 84 S. Ct. 1774, 1783 (1964). At
this hearing, the State has the burden under the Fifth and Fourteenth Amendments of proving
by a preponderance of the evidence that the confession was voluntary. Lego v. Twomey, 404
U.S. 477, 489, 92 S. Ct. 619, 626-27 (1972); Alvarado v. State, 912 S.W.2d 199, 211 (Tex.
Crim. App. 1995); see U.S. Const. amends. V, XIV. However, the prosecution is not put
to this burden unless a defendant presents evidence that raises a voluntariness question. State
v. Terrazas, 4 S.W.3d 720, 724 (Tex. Crim. App. 1999). 
           Voluntariness must be determined by considering the totality of the circumstances
under which the statement was obtained. Creager v. State, 952 S.W.2d 852, 855 (Tex. Crim.
App. 1997). A confession must be free and voluntary; that is, it must not be extracted by any
sort of threat or violence, nor obtained by any direct or implied promises, however slight, nor
by the exertion of any improper influence. Bram v. United States, 168 U.S. 532, 542-43, 18
S. Ct. 183, 186-87 (1897); Roberts v. State, 545 S.W.2d 157, 160-61 (Tex. Crim. App. 1977).
           Appellant alleges he was coerced into making his confession. Appellant asserts that
the “hostile environment of a police station” and the police officer’s telling him he could not
leave until he gave a statement, constituted threats or improper influence that rendered his
confession involuntary. The record shows the following: (1) after being requested by the
police to take a polygraph test, appellant agreed; (2) the examination was administered at the
police station; (3) appellant and his wife drove themselves to the station; (4) appellant and
his wife drove themselves home after the examination; (5) Officer Clark testified that
appellant was not under arrest during the time he wrote the statement, was not handcuffed,
and was free to leave at any time; and (6) appellant testified that he was “out of it,” and, even
though the confession was not true, he told the police what he thought they wanted to hear
so he could leave. Appellant argues that the following testimony shows that he was coerced
into giving a statement.
           Q:       Did you ask them if you could leave?
           A:       No.
           Q:       Then why didn’t you?
           A:       Because he told me I needed to give him a statement.
           Q:       Was that command with such a force that you took it to mean you couldn’t
leave without giving a statement?
 
           A:       Yes.
           Q:       That’s a police officer, right?
           A:       Yes.
           Q:       Did he have a gun on him?
           A:       No.
           Q:       But you knew you were at the police station?
           A:       Yes. He had a badge and told me who he was.
           This is the only testimony regarding whether appellant felt he was free to leave. 
Appellant was not explicitly told he could not leave. He did not ask to leave. He did not
attempt to leave. He was not prevented from leaving by the police. Therefore, we hold that
this evidence was not sufficient to raise a question regarding the voluntariness of appellant’s
confession. As such, the trial court did not abuse its discretion when it denied appellant’s
motion to suppress. Moreover, the trial court did not err when it did not submit a jury
question regarding the voluntariness of appellant’s confession.
           We overrule points of error three and four.
Admonishments
           In point of error five, appellant argues that the trial court erred in denying his motion
to suppress his written and recorded statements because no valid waiver of his rights justified
admission of the statements.
           During trial, when the State sought admission of the recorded statement, appellant’s
counsel specifically stated that he had “no objection” to its admission. It is well settled that,
when a defendant affirmatively asserts during trial that he has “no objection” to the
admission of the complained of evidence, he waives any error in the admission of the
evidence despite any prior objections. Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim.
App. 1992); Marbles v. State, 874 S.W.2d 225, 228 (Tex. App.—Houston [1st Dist.] 1994,
no pet.). Moreover, because appellant waived his objection to the admission of the audio
statement, and because the text of written statement was read during the audio statement,
appellant cannot show he was harmed by the admission of the written statement. 
           We overrule point of error five.
           We affirm the trial court’s judgment.
 
                                                                             Evelyn V. Keyes
                                                                             Justice


Panel consists of Justices Hedges, Keyes, and Duggan.




Do not publish. Tex. R. App. P. 47.2(b).