Opinion issued January 22, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00036-CR




SAMBATH NHEM, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 41,553




O P I N I O N

          Appellant, Sambath Nehm, was charged by indictment with the felony offense
of possession with intent to deliver a controlled substance, namely, cocaine, weighing
at least four grams, but less than 200 grams. Appellant pleaded not guilty to the
charges, but a jury convicted him and assessed punishment at 20 years’ confinement
and a $10,000 fine. Appellant brings three issues challenging the judgment of the
trial court. In issues one and two, appellant claims that the evidence was legally and
factually insufficient to support conviction. In issue three, appellant claims that the
trial court erred in not suppressing evidence obtained from an allegedly illegal search
of a bedroom in appellant’s residence. We affirm.
Background
          During the course of investigating a hit and run automobile accident, officers
with the Texas Department of Public Safety (DPS) and the Brazoria County Sherrif’s
Department tracked the fleeing driver to appellant’s residence in Rosharon, Texas,
through a trace of a licence plate number reported at the scene. Appellant, who was
outside the residence, quickly went into the home when the officers arrived. When
appellant came back outside at the officers’ request, he appeared agitated. The
officers noticed that appellant’s pockets were full. In the course of a pat-down search
of appellant for weapons, the officers discovered a pill bottle in appellant’s pocket
that contained what appeared to be crack cocaine. Appellant was placed under arrest
for possession of a controlled substance.
          Narcotics officers assigned to the Drug Enforcement Agency and DPS
Narcotics Unit were summoned to the residence. The officers obtained the written
consent of appellant’s father to search the residence. In a bedroom in the residence,
between bed mattresses, the officers found two pill bottles containing 38 crack
cocaine rocks. Under the bed, the officers found mobile telephone bills in appellant’s
name, and, on a dresser in the same bedroom, the officers found appellant’s driver’s
license.
          Tests performed on all of the rocks confirmed that they were crack cocaine. 
The rocks found in the bedroom had a combined weight of 11.52 grams, and the
cocaine recovered from appellant’s person weighed 2.33 grams.
Motion to Suppress
          In his third issue, appellant contends that the trial court erred in not suppressing
evidence obtained from the search of a bedroom in appellant’s residence. The State
responds that appellant waived any error regarding the suppression and admission of
such evidence.
          Appellant filed a motion to suppress all tangible evidence seized from
appellant’s residence, as well as the results of any scientific test performed on such
evidence. The evidence that was seized from the residence and subsequently offered
and admitted into evidence consisted of appellant’s driver’s license, appellant’s
mobile telephone bills, and the cocaine rocks. In his motion to suppress, appellant
claimed that the consent to search the house was improperly obtained in violation of
article 1, section 9 of the Texas Constitution as well as article 38.23 of the Code of
Criminal Procedure. See Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art.
38.23 (Vernon Supp. 2004). The trial court, outside the presence of the jury, held a
hearing on appellant’s motion to suppress and subsequently denied the motion. 
During trial, when the State offered to admit the driver’s license, telephone bills, and
cocaine rocks into evidence, appellant responded, to each offer, that he had “no
objections” to the item’s admission into evidence.
          A defendant who affirmatively asserts that he has “no objection” to the
admission of the complained of evidence when the evidence is offered during trial
waives any error in the admission of the evidence, even when there has been a motion
to suppress hearing. Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992);
Marbles v. State, 874 S.W.2d 225, 228 (Tex. App.—Houston [1st Dist.] 1994, no
pet.). Accordingly, we conclude that appellant waived any error regarding the
suppression and admission of the evidence seized from his residence by affirmatively
asserting that he had “no objections” when the evidence was offered at trial.
          We overrule appellant’s third issue.
Legal Sufficiency
          In his first issue, appellant claims that the evidence was legally insufficient to
support his conviction for possession with intent to deliver a controlled substance,
namely cocaine, weighing at least four grams, but less than 200 grams. In assessing
legal sufficiency, we determine whether, based on all of the record evidence, viewed
in the light most favorable to the verdict, a rational jury could have found the accused
guilty of all of the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979);
Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003).
          In a possession with intent to deliver case, the State must prove that the
defendant: (1) exercised care, custody, control, or management over the controlled
substance; (2) intended to deliver the controlled substance to another; and (3) knew
that the substance in his possession was a controlled substance. Tex. Health &
Safety Code Ann. §§ 481.002(38), 481.112(a) (Vernon 2003); see King v. State,
895 S.W.2d 701, 703 (Tex. Crim. App. 1995); Roberson v. State, 80 S.W.3d 730,
734-35 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).
          Appellant contends that a rational jury could not have found beyond a
reasonable doubt that he exercised care, custody, control, or management over the
crack cocaine rocks found in the bedroom of the residence because the State’s
circumstantial evidence failed to “affirmatively link” him to the cocaine rocks. 
Appellant’s sufficiency complaint pertains only to the element concerning whether
he possessed the controlled substance, and we limit our appellate review to that issue.
          When a defendant is not in exclusive possession of the place where the
controlled substance is found, the State must prove additional independent facts and
circumstances that affirmatively link the defendant to the contraband in such a way
that it can be concluded that the defendant had knowledge of the contraband and
exercised control over it. Roberson, 80 S.W.3d at 735. An affirmative link generates
a reasonable inference that the defendant knew of the contraband’s existence and
exercised control over it. Johnson v. State, 658 S.W.2d 623, 627 (Tex. Crim. App.
1983); Roberson, 80 S.W.3d at 735. Courts have identified a non-exhaustive list of
factors that may help to show an affirmative link to controlled substances. Id.


 Each
case is examined on its own facts, and a factor that contributes to the sufficiency of
the evidence in one case may be of little or no value in a different case. Id. at 736. 
It is not the number of affirmative links present that is important, but rather the
“logical force” that they create to prove that the defendant committed the crime. Id.
at 735. We examine, therefore, any factors that possibly link appellant to the cocaine
rocks. See id.
          Our legal sufficiency analysis in this case turns on whether enough evidence
existed for any rational jury to find beyond a reasonable doubt that appellant had
knowledge of the presence of the cocaine rocks. See id. at 735-36. Appellant’s
mother, father and brother’s girlfriend were inside the residence when appellant was
arrested outside the home, and appellant was seen by the officers entering and exiting
the residence. Appellant, thus, was not in exclusive control of the premises.
          The State contends that the cocaine found on appellant’s person, combined
with appellant’s driver’s license and telephone bills found in close proximity to the
cocaine rocks found in the bed, affirmatively link appellant to the cocaine rocks found
in the bedroom. The controlled substance on appellant’s person and the controlled
substance found between the bed mattresses were both crack cocaine rocks, packed
similarly in pill bottles. Officer Carol Adkins, a peace officer employed by the Alvin
Police Department and assigned to the DPS Narcotics Unit, testified that, when law
enforcement officers discover a controlled substance in a residence, they look for
items that create a nexus or link between an individual and the location in the
residence where the controlled substance was found. Officer Adkins testified that
such items often include personal belongings such as driver’s licenses and any type
of billing statements. Appellant’s driver’s license was found on a dresser in the same
room as the cocaine rocks, and the telephone bills in appellant’s name were found
under the bed where the cocaine rocks were found. See Ebert v. State, 848 S.W.2d
261, 266 (Tex. App.—Corpus Christi 1993, pet. ref’d) (holding document can be used
as an affirmative link to a controlled susbtance).
          We conclude that the “logical force” from the totality of the links, including
appellant’s possession of cocaine of the same type and packaging as the cocaine
found in the bed and the close proximity of appellant’s driver’s license and mobile
telephone bills to the cocaine found in the bed, is sufficient for a rational jury to have
affirmatively linked appellant to the cocaine rocks in the bedroom. See Roberson, 80
S.W.3d at 736. Accordingly, a rational jury could have found the element of
possession beyond a reasonable doubt. See Jackson, 443 U.S. at 318-19, 99 S. Ct. at
2788-89; Swearingen, 101 S.W.3d at 95.
          We overrule appellant’s first point of error.
Factual Sufficiency
          In his second point of error, appellant asserts that the evidence was factually
insufficient to support his conviction for possession with intent to deliver a controlled
substance, namely cocaine, weighing at least four grams, but less than 200 grams.
          In reviewing factual sufficiency of the evidence, we consider all of the
evidence in a neutral light. Swearingen, 101 S.W.3d at 97. We must reverse a
conviction if the proof of guilt is so weak as to undermine the confidence of the jury’s
determination, or if the proof of guilt, although adequate if taken alone, is greatly
outweighed by the proof of innocence. Id. Although we may disagree with the jury’s
verdict, we must defer to the jury’s determination of the weight and credibility of the
evidence and will reverse the jury’s verdict only to avoid manifest injustice. Id.
          Appellant’s factual sufficiency argument, although broad, addresses only the
possession element of the offense. Appellant’s factual sufficiency challenge relies
on the following: (1) no evidence affirmatively linked appellant to the cocaine rocks;
(2) other people were in the home when the cocaine rocks were found; (3) appellant’s
fingerprints were not found on the pill bottles containing the cocaine rocks or on the
cocaine rocks themselves, (4) appellant’s fingerprints were not found on any of the
furniture in the bedroom where the cocaine rocks were found.
          The jury reasonably could have found that appellant’s possession of crack
cocaine on his person, in addition to his driver’s license and mobile telephone bills
located in close proximity to the cocaine in the bedroom, affirmatively linked
appellant to the cocaine rocks between the mattresses. Appellant’s contention that
other people were in the home when the cocaine rocks were found and that
appellant’s fingerprints were not found on the pill bottles, cocaine rocks, or furniture
in the bedroom do not necessarily lead to the conclusion that appellant did not
exercise care, custody, control, or management over the cocaine rocks found in the
bedroom of appellant’s residence. At most, these factors suggest that appellant may
not have had exclusive control or possession of the cocaine rocks. See Cedano v.
State, 24 S.W.3d 406, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
Possession of a controlled substance, however, need not be exclusive to constitute a
violation of the law. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). 
We conclude that the verdict is not so against the great weight and preponderance of
the evidence as to be manifestly unjust, and proof of guilt is not so weak as to
undermine confidence in the jury’s determination. See Swearingen, 101 S.W.3d at
97.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Alcala, Hanks, and Bland.
Publish. Tex. R. App. P. 47.4(a).