Affirmed and Memorandum Opinion filed November 28, 2006








Affirmed
and Memorandum Opinion filed November 28, 2006.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01150-CR

_______________

 

THOMAS EARL YOUNG, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 41,443A

                                                                                                                                                

 

M E M O R A N D U M  O P I N I O N

A jury
found appellant, Thomas Earl Young, guilty of burglary of a building.  Appellant
was sentenced to eight years= confinement after the jury found that two prior felony
convictions alleged in the indictment for enhancement purposes were true.  In
his sole  issue, appellant contends that the evidence is legally insufficient
to support the verdict.  Because all dispositive issues are clearly settled in
law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








I.  Background 

On
December 12, 2004 at 3:10 a.m., police officers in Sugarland, Texas responded
to a glass-break alarm at a Radio Shack store.  On the way to the store,
Officer Rudy Garza observed a white van make an illegal U-turn near the store. 
Officer Garza became suspicious of the van and stopped it for the traffic
violation.  He noticed that the van had three occupants and called for back-up
to ensure his safety.  After stopping, the driver and one of the passengers
exited the van.  Officer Garza repeatedly told them to get back in and remain
in the van.  Once they were back in the van, Officer Garza saw one of the
passengers in the van making Airate movements . . . like he was yapping at the other
passengers and the driver.@  The van then suddenly drove off.  Officer Garza followed
the van.  During the chase, the van entered the freeway reaching a speed up to
90 miles an hour.  After exiting the freeway, the van ran a red light. 
Eventually, the van stopped at an area with apartments on both sides of the
road.  The driver and one passenger fled on foot.  Officer Garza chased the
passenger on foot and arrested him.  Officer Richard Rivera, who had joined the
chase, followed the driver on foot, but did not catch him.  

Meanwhile,
as the driver and the one passenger were fleeing on foot, the other passenger,
later identified as appellant, moved to the driver=s seat and drove away.  Officer
Clifton Dubose, who had also joined the chase, followed the van through the
apartment complex in a police car.  During the chase,  the van drove through
the closed exit gate, knocking it down.  The van then turned into a neighboring
apartment complex.  However, because the van was traveling  too fast to make
the turn, it crashed into some parked cars.  Appellant exited the van and fled
on foot around the side of the apartment complex.  Officer Dubose chased
appellant on foot.  During the chase, appellant climbed an eight-foot fence. 
Officer Dubose caught and arrested appellant on the other side of the fence.








At
approximately 3:45 a.m., Officer Mary Herbrig investigated the van at the
location where it had crashed.  Behind the passenger and driver seats, she found
a Sony home theater, an RCA dish satellite receiver, a Gold Star VHS player, a
Radio Shack flat screen monitor, a DVD home theater system, a Photosmart
Hewlett-Packard system, a Sony speaker system, an Onkyo stereo receiver, a Sony
compact disc receiver, a Sony stereo system, a Compaq keyboard optical with a
mouse, a Curtis compact component system, a Philips television, a Magnavox flat
screen television, a set of Sony speakers, a radio controlled car, and a single
Sony speaker.  In addition, she found five latex gloves inside the van.  At the
Radio Shack, she found two large rocks near the broken windows.

Shortly
after the burglary, Beverly Smith, the Radio Shack manager, made a list of
missing items for the officer=s report.  It was later determined that the missing items 
matched the items found in the van.  

II.  Discussion

In his sole issue, appellant contends that the evidence is
legally insufficient to support the jury=s verdict.[1] 
In reviewing the legal sufficiency of the evidence, we review all the evidence
in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Ross
v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004). 

A person commits the offense of burglary if, without the
effective consent of the owner, the person enters a building with intent to
commit a theft.  See Tex. Pen.
Code Ann. ' 30.02(a)(1) (Vernon 2003).  Appellant asserts the evidence is legally
insufficient to prove that he burglarized Radio Shack because all the evidence
was circumstantial.  Specifically, appellant argues that the State offered only
circumstantial evidence to prove appellant=s participation in
the burglary under the law of parties. 








However, circumstantial evidence may be sufficient to
support a conviction. See Kutzner v. State, 994 S.W.2d 180, 184
(Tex. Crim. App. 1999); see also Conner v. State, 67 S.W.3d 192,
197 (Tex. Crim. App. 2001) (explaining that  a conclusion of guilt may rest on
the cumulative strength of all incriminating circumstances). For the purposes
of proving guilt beyond a reasonable doubt, circumstantial and direct evidence
are equally probative. See Roberson v. State, 16 S.W.3d 156, 167
(Tex. App.CAustin 2000, pet. ref=d) (citing McGee
v. State, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989)).  In particular, a
burglary can be proven by either direct or circumstantial evidence.  Morgan
v. State, 503 S.W.2d
770, 772 (Tex. Crim. App. 1974).  Moreover, in a circumstantial evidence
case, it is unnecessary for every fact to point directly and independently to
the guilt of the accused; rather, it is enough if the finding of guilt is
warranted by the cumulative force of all the incriminating evidence.  Johnson
v. State, 872 S.W.2d 183, 186 (Tex. Crim. App. 1993).  We apply the same
legal-sufficiency standard of review to cases involving direct or
circumstantial evidence.  Kutzner, 994 S.W.2d at 184. 

The law of parties allows a person to be held criminally
responsible as a party to an offense if it is committed by his own conduct or
by the conduct of another for whom he is criminally responsible or by both.  Tex. Pen. Code Ann. ' 7.01(a) (Vernon
2003). Criminal responsibility for the conduct of another is defined as Aacting with intent
to promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense.@  Tex. Pen. Code Ann. ' 7.02(a)(2)
(Vernon 2003).

Circumstantial evidence alone may be used to prove that a
person is a party to an offense.  Powell v. State, 194 S.W.3d 503, 506
(Tex. Crim. App. 2006) (citing Beardsley v. State, 738 S.W.2d 681, 684
(Tex. Crim. App. 1987)). Under the law of parties, evidence is sufficient where
the actor is physically present at the commission of the offense, and
encourages the commission of the offense by either words or agreement.  Burdine
v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986).  The evidence must
show that at the time of the offense, the parties were acting together, each
contributing some part toward the execution of the common purpose.  Id.   To
determine whether the accused participated as a party, the court may look to
events occurring before, during and after the commission of the offense, and
may rely on actions of the accused which show an understanding and common
design to do the prohibited act.  Id.; Cordova v. State, 698 S.W.2d
107, 111 (Tex. Crim. App. 1985).   








In this case, the events after the commission of the
offense and the actions of the appellant show an understanding and common
design to commit the burglary.  First, appellant was an occupant of a van
containing stolen property near the Radio Shack shortly after the burglary. 
Presence at the crime scene is a circumstance Atending to prove
guilt, which, combined with other facts, may suffice to show that the accused
was a participant.@  Beardsley, 738 S.W.2d at 685; Valdez
v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1981).

Further, appellant fled from the police in the van while
the other two occupants fled on foot.  Then after he crashed the van, he
continued to flee on foot.  He led the police on  a vigorous, prolonged chase
during his flight by van and on foot.   While evidence of flight from a crime
scene alone is not enough to support a guilty verdict, it is a circumstance
from which an inference of guilt may be drawn.  Valdez, 623 S.W.2d at
321.  

Moreover, an inference of a defendant=s guilt of a
burglary sufficient to sustain a conviction may arise from the defendant=s possession of
property stolen or taken in a recent burglary.  Rodriguez v. State, 549
S.W.2d 747, 749 (Tex. Crim. App. 1977).  However, before the inference may be
invoked, such possession must be personal, recent, unexplained, and involve a
distinct and conscious assertion of right to the property by the defendant.  Id. 
Here, all of these ARodriguez factors@ were satisfied.  








Appellant asserts that the State did not offer evidence
proving appellant had personal possession of the stolen property.   Appellant
contends that the Radio Shack items found in the van do not establish personal
possession of the stolen property because the two other men also had access to
the van.  He argues that the van constituted a location where others had Aequal right and
facility of access.@  Appellant relies on England v. State,
727 S.W.2d 810, 811 (Tex. App.CAustin 1987, no pet.), in which the court
of appeals held that stolen property found in an apartment attic did not
establish the defendant=s personal possession because there was
unrebutted testimony that other persons besides the defendant had access to the
attic.  Here, at one point, all three occupants did have access to the van.
However, part way through the police chase, appellant chose to drive away in
the van by himself with many large items of stolen property behind the driver
and passenger seats.  Therefore, the evidence reflects that appellant knew that
the stolen property was in the van, and he asserted personal possession of the stolen
property.  See Crain v. State, 1998 WL 418846, at *5 (Tex. App.CHouston [14th
Dist.] 1998, no pet.) (holding that stolen tools and equipment found in trunk
of car were in defendant=s personal possession although car
belonged to his wife because he drove it without her knowledge and was the sole
occupant when property was discovered, and he claimed he had purchased the property when there was
evidence that he had pawned a portion of it); Marbles v. State, 874 S.W.2d 225,
228 (Tex. App.CHouston [1st Dist.] 1994, no pet.) (holding defendant=s possession of
stolen camcorder was personal because it was found in the trunk of car he owned
and he did not want the car released to anyone else following his arrest).  

Similarly, because appellant drove away by himself in the
van containing the stolen property and fled from the police, he  made a
distinct and conscious assertion of the right to the property.  See Todd v.
State, 601 S.W.2d 718, 720 (Tex. Crim. App. [Panel Op.] 1980) (holding that
defendant towing a stolen welder behind his pickup truck showed a conscious
assertion of right to the property); Marbles, 874 S.W.2d at 228 (holding
appellant made a conscious assertion of right to the camcorder because it was
in the trunk of his car and he did not want his car released to anyone).  In
addition, appellant=s possession of the stolen property  was
recent because he became the sole occupant of the van within an hour after the
glass break alarm at Radio Shack.  See Marbles, 874 S.W.2d at 227
(upholding finding that possession of camcorder two and one-half months after
it was stolen was recent).  Moreover, appellant failed to explain his
possession of the property when he was apprehended and the property was found
in the van.  See Chavez v. State, 843 S.W.2d 586, 588 (Tex. Crim. App.
1992) (explaining that the Aunexplained possession@ rule is based on
the belief those who steal property keep it for some time and those who acquire
property honestly during such an interval are typically willing to explain how
they obtained it).  In sum, the Rodriguez requirements were satisfied,
allowing an inference of appellant=s guilt of
burglary, arising from his personal, recent, unexplained, and conscious
assertion of the right to the property.  See Rodriguez, 549 S.W.2d at
749. 

Finally, appellant argues that the State never proved that
appellant actually entered the building.  However, under the law of parties, a
person may be guilty of burglary of a building even though he does not
personally enter the burglarized premises if he is acting together with another
in the commission of the offense.  Powell v. State, 194 S.W.3d 503,
506-07 (Tex. Crim. App. 2006) (citing Clark v. State, 543 S.W.2d 125,
127 (Tex. Crim. App. 1976)).








In reviewing the record in the light most favorable to the
verdict, a rational jury could have concluded beyond a reasonable doubt that
appellant was guilty of a burglary of a building at least as a party, if not as
a principal.  Accordingly, the evidence is legally sufficient to support the
verdict.  We overrule appellant=s sole issue. 

          The judgment of the trial
court is affirmed.  

 

 

 

 

 

/s/      Maurice E. Amidei

Justice

 

 

Judgment rendered
and Memorandum Opinion filed November 28, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Amidei[2].

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Appellant does not specifically state that he is
challenging the Alegal sufficiency@ of
the evidence.   However, in his stated issue and in the body of his argument,
he cites only the legal-sufficiency standard.  Thus, we treat his issue as a
legal-sufficiency challenge.  





[2]  Senior Justice (Retired) Maurice E. Amidei sitting by assignment.