**Opinion issued October 18, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-08-00939-CR

_____

## RYAN RASHAD MERRITT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

## On Appeal from the 400th Judicial District Court
## Fort Bend County, Texas
## Trial Court Case No. 46598

---

## MEMORANDUM OPINION

A jury found appellant, Ryan Rashad Merritt, guilty of the offense of arson

of an insured and mortgaged vehicle,[1] and the trial court assessed his punishment at

---

[1]    *See* TEX. PENAL CODE ANN. § 28.02 (Vernon Supp. 2012).

confinement for ten years and one day. In four issues, appellant contends that the evidence is legally and factually insufficient to support his conviction, the trial court erred in admitting evidence of extraneous offenses during the guilt phase of trial, and the cumulative effect of the trial court's errors deprived him of a fair trial.

We previously held that the evidence is legally insufficient to support appellant's conviction for the offense of arson of an insured and mortgaged vehicle, and we sustained Merritt's first issue. *Merritt v. State*, No. 01–08–00939–CR, 2011 WL 846229, at *10 (Tex. App.—Houston [1st Dist.] March 10, 2011), *rev'd*, *Merritt v. State*, 368 S.W.3d 516 (Tex. Crim. App. 2012). Having so held, we did not address appellant's second, third, and fourth issues. *See id.* The Texas Court of Criminal Appeals, concluding that legally-sufficient evidence supports appellant's conviction, reversed our judgment and remanded the case to us to address appellant's remaining points. *Merritt v. State*, 368 S.W.3d 516, 528 (Tex. Crim. App. 2012). Additionally, we now review, in criminal cases, the factual sufficiency of the evidence under the same appellate standard of review as that for legal sufficiency. *See Ervin v. State*, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 894–913 (Tex. Crim. App. 2010)). Accordingly, the only remaining issues are appellant's complaints that the trial court erred in admitting evidence of extraneous offenses

during the guilt phase of trial and that the cumulative effect of the trial court's errors deprived him of a fair trial.[2]

We affirm.

## Extraneous Offenses

In his third issue, appellant argues that the trial court erred in admitting evidence that he engaged in the extraneous offense of identity theft because "the unfair prejudicial effect" of the extraneous evidence influenced the jury to find that he "must have [also] committed the arson."

To preserve error for appellate review, the complaining party must make a "timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1). Furthermore, "[w]hen the defendant affirmatively asserts at trial that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission," despite having obtained a previous ruling. *Marbles v. State*, 874 S.W.2d 225, 228 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (citing *Mayberry v. State*, 532 S.W.2d 80, 83–84 (Tex. Crim. App. 1975)). To preserve error regarding the admission of evidence, a party must object each time that the inadmissible evidence is offered or obtain a running objection. *Lane v. State*, 151 S.W.3d 188,

---

[2] Both this Court, in our prior opinion, and the court of criminal appeals have provided an in-depth discussion of the background facts in this case. *See Merritt v. State*, 368 S.W.3d 516 (Tex. Crim. App. 2012); *Merritt v. State*, No. 01–08–00939–CR, 2011 WL 846229, at *9 (Tex. App.—Houston [1st Dist.] March 10, 2011), *rev'd*, *Merritt v. State*, 368 S.W.3d 516 (Tex. Crim. App. 2012).

193 (Tex. Crim. App. 2004). Additionally, "[a]n error . . . in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Id*. (citing *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)).

During trial, the State entered into evidence multiple exhibits pertaining to the allegation that appellant had engaged in identity theft or fraud, to which appellant affirmatively responded, "No objection." For example, appellant had "[n]o objection" when the State offered State's Exhibit 4, a copy of David Ross's driver's license that it used to compare Ross's signature with signatures on loan applications for the sports utility vehicle that appellant was ultimately convicted of destroying. Additionally, when the State offered into evidence State's Exhibit 7, a title application under David Ross's name and evidence of the extraneous offense of identity theft, appellant responded with, "No objections."

Furthermore, appellant did not object to other testimony concerning the extraneous matters of identity theft or fraud. During Ross's testimony, he was asked if the signature on a credit application for the purchase of the tires for the destroyed sports utility vehicle was his, and he responded, "No it's not." Additionally, appellant did not object to testimony concerning identity theft that was provided by Carlos Mesa, the owner of the store where appellant bought tires for the destroyed sports utility vehicle, and Mike Nyugen, the finance manager at the dealership where the destroyed sports utility vehicle was purchased. In sum,

4

evidence that appellant had committed the offense of identity theft was repeatedly introduced, in both documentary and testimonial form, without objection during trial. Accordingly, we hold that appellant has waived his issue regarding the admission of extraneous offense evidence.

We overrule appellant's third issue.

## Cumulative Error

In his fourth issue, appellant argues that he was denied a fair trial because the "cumulative effect" of unidentified errors "completely destroyed any notion of a fair trial."

A number of errors may be found harmful in their cumulative effect. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999); *Stahl v. State*, 749 S.W.2d 826, 832 (Tex. Crim. App. 1988). Appellant asserts that "improper admission of the extraneous offense of identity theft," "evidentiary errors" during trial, and "an improper jury charge" resulted in an unfair trial. Although appellant asserts that these errors are "fully explained" in his brief, he has not cited us to any "evidentiary errors" other than the extraneous offense evidence. He merely states: "When the full force of these numerous errors and their associated harm is assessed, there is no doubt that their cumulative effect completely destroyed any notion of a fair trial."

Again, the only specific error that appellant identifies concerns the admission of extraneous offense evidence, and we have already rejected this complaint. With nothing else to review, appellant has failed to adequately brief this issue and, thus, he has waived this issue for our review. *See* TEX. R. APP. P. 38.1(i).

We overrule appellant's fourth issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).