**Clinton Russell HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–87–00300–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1988.

 

Sherra Miller, Houston, for appellant.

John B. Holmes, Jr., Jana K. Miller, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

In a jury trial appellant was convicted of the felony offense of possession of cocaine. The jury found appellant had one prior felony conviction and sentenced him to forty-five years imprisonment and a fine of $4,500.00.

Appellant brings four points of error asserting that: (1) the evidence is insufficient to prove that appellant committed the offense; (2) the trial court erred in admitting in evidence the crack cocaine allegedly found and seized as a result of an illegal arrest; (3) he was denied effective assist-

ance of counsel; and (4) the prosecutor's improper comments during the punishment stage of trial denied appellant his right to due process. We affirm.

In the early morning hours of December 7, 1986, Wanda Thompson heard a gunshot coming from Apartment No. 58 in the Oxford Garden Apartments complex where she was employed as a security officer. The man who answered the door at Apartment No. 58 said there had not been a shooting at the apartment. As Ms. Thompson was leaving Apartment No. 58, appellant called to her from inside the apartment and said that a shooting had indeed occurred. The security officer entered the apartment and called the police after seeing a woman with a gunshot wound. Ms. Thompson observed five people when she entered the apartment.

Officer Edwards and Officer Alexander first arrived at the scene followed by Officers Ashby and Kravetz. When Officer Ashby entered the apartment, ambulance paramedics, two police officers, the security officer, one or two males (including appellant) and an injured woman were present at the scene. The officers also saw individually wrapped crack cocaine rocks on counters, chest of drawers and coffee tables as well as paraphernalia for making crack cocaine on top of the kitchen cupboards. Officer Ashby testified that appellant was in the northeast bedroom when they arrived. Officers Ashby and Kravetz entered that northeast bedroom to assist the paramedics with the woman who had been shot.

As Officer Ashby was leaning on the east wall of the northeast bedroom he noticed a little plastic bag containing crack cocaine behind a weight lifting barbell. The officer picked up the cellophane bag and counted the pieces of rock cocaine. Officer Ashby gave the rock cocaine to his partner since Ashby was still assisting the paramedics. A short time later Officer Ashby went to the front room and asked the people gathered there who lived in the apartment. Appellant replied that the apartment was his. Officer Ashby then asked appellant what it (the cocaine) was.

Appellant responded that he didn't know what the item was. At this point appellant was arrested, handcuffed, and given *Miranda* warnings. Appellant was placed in the police car and driven to the police station. While Officers Ashby and Kravetz were driving appellant downtown, appellant suddenly stated "I fu—ed up. I shouldn't have had the crack in my apartment anyway."

■■■ In his first point of error appellant argues that the evidence is insufficient to sustain his conviction. We disagree. In reviewing narcotics convictions based on circumstantial evidence, the appellate court must examine the record to determine whether there is a reasonable alternative explanation of the circumstances which a rational trier of fact would have to accept as raising a reasonable doubt of the appellant's guilt. *Earvin v. State,* 632 S.W.2d 920, 922 Tex.App.—Dallas 1982, pet ref'd). The evidence must establish more than a suspicion of guilt. *Ford v. State,* 571 S.W. 2d 924, 926 (Tex.Crim.App.1978). A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Bryant v. State,* 574 S.W.2d 109, 111 (Tex. Crim.App.1978).

■■■ In order to establish the unlawful possession of a controlled substance, the state must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App.1986); *Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Crim. App.1981); *Dubry v. State,* 582 S.W.2d 841, 843 (Tex.Crim.App.1979). Possession of contraband need not be exclusive and evidence which shows that the accused jointly possessed the contraband with another is sufficient. *Woods v. State,* 533 S.W.2d 16, 18 (Tex.Crim.App.1976); *Long v. State,* 532 S.W.2d 591, 594 (Tex.Crim. App.1975), *cert. denied,* 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 179 (1976). However, where the accused is not in exclusive possession of the place where the sub-

stance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Wiersing v. State*, 571 S.W.2d 188, 190 (Tex.Crim.App.1978).

■ The court of criminal appeals has determined that finding the contraband in the open or plain view of the accused can establish an affirmative link. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App. 1981); *Hernandez v. State*, 538 S.W.2d 127 (Tex.Crim.App.1976). That the contraband was in close proximity to the accused and readily accessible to him is an additional fact indicating the accused's knowledge and control of the contraband. *Pollan v. State*, 612 S.W.2d at 596; *Hahn v. State*, 502 S.W.2d 724, 725 (Tex.Crim.App.1973). Another fact showing an affirmative link is that the amount of contraband found is large enough to indicate that the accused knew of its presence. *Carvajal v. State*, 529 S.W.2d 517, 520–21 (Tex.Crim.App. 1975), *cert. denied*, 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976). The issue before us then is whether the state established such independent facts and circumstances to affirmatively link appellant to the crack cocaine.

■ The state submits that sufficient affirmative links exist to connect appellant to the cocaine and create an inference that he knew of the existence of the cocaine. We agree. Appellant told Officer Ashby that the apartment was his.[1] The record shows that appellant was in the northeast bedroom when the officers first entered the apartment. The baggie containing the crack cocaine was found in plain view in the northeast bedroom. Officer Ashby testified that there were small bags of individually wrapped crack cocaine rocks located on numerous counters and coffee tables throughout the apartment. In addition to all of the foregoing, appellant voluntarily admitted to Officers Ashby and Kravetz that he should not have had the crack co-

caine in his apartment. The state maintains that this statement shows appellant's knowledge that the cocaine existed. Appellant makes no argument that his statement should not have been admitted in court or that it should not be considered in reviewing the sufficiency of the evidence. Our reasons supporting the trial court's admission into evidence of appellant's statement will be discussed in point of error three.

After reviewing all of the evidence we hold that sufficient affirmative links exist to connect appellant with the cocaine. These affirmative links show that appellant knew of the crack cocaine and exercised control over the cocaine. We find no other reasonable explanation of the circumstances which would provide a jury with a reasonable doubt of appellant's guilt. We hold that sufficient evidence exists to sustain appellant's conviction for cocaine possession. Point of error one is overruled.

■ In point of error two appellant complains that the state lacked probable cause to arrest him and therefore his arrest was illegal and the evidence seized from the allegedly illegal search was inadmissible. It is well established that under certain circumstances the police may seize evidence in plain view without a warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The plain view doctrine has been applied where a police officer is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object. *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). A warrantless seizure by police of private possessions is permitted when: (1) the police officer lawfully makes the initial intrusion; (2) the incriminating evidence is discovered inadvertently; and, (3) it is immediately apparent to the police that the items they observe may be evidence of a crime, contraband or otherwise subject to seizure. *Coolidge v. New Hampshire*, 403 U.S. at 466, 91 S.Ct. at 2038. The seizure of property in plain view is presumptively

---

1. Appellant's wife Cynthia Turner had executed the lease agreement and listed appellant as her husband on the document. However, Cynthia Turner was not living in the apartment at the time the events made the basis of this appeal occurred.

reasonable as long as the officer has probable cause to connect the property with criminal activity. An officer has sufficient probable cause to seize the items if the circumstances surrounding the property are such to "warrant a man of reasonable caution in the belief" that certain items may be contraband, stolen property, or useful as evidence of a crime. *Texas v. Brown*, 460 U.S. 730, 740–742, 103 S.Ct. 1535, 1542–1543, 75 L.Ed.2d 502 (1983); *Johnson v. State*, 720 S.W.2d 239, 240 (Tex. App.—Houston [14th Dist.] 1986, no pet.)

It is uncontested that the police officers entered Apartment No. 58 in response to a report of a gunshot. Clearly, the officers' initial entry into the apartment was based on exigent circumstances. Officer Ashby inadvertently saw the cellophane bag containing the rock cocaine while he was in the northeast apartment bedroom assisting the paramedics. Because Officer Ashby believed the baggie contained contraband, he was justified in retrieving and subsequently opening the baggie. Since appellant admitted the apartment was his and the cocaine was discovered where Appellant was located in the northeast bedroom, we hold that probable cause existed for the police officers to arrest appellant for possession of cocaine. Even if we assume that appellant's arrest was illegal, the baggie containing crack cocaine would still have been admissible at appellant's trial. The crack cocaine was not found pursuant to appellant's arrest; it was found before appellant was arrested. Therefore, the crack cocaine was not seized pursuant to *any* arrest. Point of error two is overruled.

In point of error three appellant argues that he was denied effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments of the United States Constitution. Appellant believes his defense counsel was ineffective because he filed no pretrial motions, did not pursue pretrial discovery and did not object to errors made at trial.

The proper standard for attorney performance remains simply reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). The constitutional right to counsel does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Ex Parte Prior*, 540 S.W.2d 723 (Tex.Crim. App.1976). A court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct in light of the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland v. Washington*, 104 S.Ct. at 2066. A strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 104 S.Ct. at 2068. In order to show ineffectiveness of counsel the defendant must show that his counsel's performance was not reasonably effective and that a reasonable probability exists that but for his unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington*, 104 S.Ct. at 2068. An isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim. App.1984); *Weathersby v. State*, 627 S.W. 2d 729 (Tex.Crim.App.1982); *Cude v. State*, 588 S.W.2d 895 (Tex.Crim.App.1979).

Appellant's first contention under point of error three is that defense counsel failed to engage in pretrial discovery to ascertain who lived in the apartment. Appellant also believes that defense counsel had an obligation to file pretrial motions to suppress the crack cocaine discovered by the allegedly illegal search and seizure. As earlier discussed, the crack cocaine was seen by Officer Ashby while lawfully on the apartment premises and was admissible under the plain view exception. The crack cocaine would have been admissible even if defense counsel had filed a pretrial motion to exclude.

Appellant further contends that defense counsel should have challenged the admissibility of appellant's "confession" and should have raised a voluntariness is-

sue with respect to it. The record shows that appellant's statement was volunteered and not made in response to any custodial interrogation. Moreover, defense counsel asked the court to remove the jury from the courtroom so that he could voir dire the testifying officer. We agree with the state's argument that defense counsel may have chosen not to object to the admission of appellant's statement because defense counsel believed appellant's statement to be admissible.

■■■■■ At trial appellant's counsel conducted cross-examination of five of the six state witnesses and recross examination of three of them. Defense counsel filed a timely application to have the jury assess punishment and delivered a lengthy closing argument to the jury. The fact that defense counsel could have tried the case differently and undertaken more pretrial discovery does not show ineffective assistance of counsel. Upon review of the totality of the representation, we find that appellant has failed to demonstrate that his counsel's actions amounted to ineffective assistance of counsel. Point of error three is overruled.

■■■■■ In his final point of error appellant complains of two instances of improper jury argument made by the prosecutor during the punishment phase of the trial. It is well settled that appropriate jury argument falls within the areas of: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law enforcement. *Walker v. State,* 664 S.W.2d 338, 340 (Tex.Crim.App.1984). The test as to whether an improper argument constitutes reversible error is whether, (1) the argument is manifestly improper, harmful, and prejudicial, or (2) it is violative of a statute or, (3) it injects a new and harmful fact into the case. *Spaulding v. State,* 505 S.W.2d 919, 922 (Tex.Crim.App.1974). In the first instance complained of by appellant the prosecutor made the following argument:

The nature of the crime. If you will remember yesterday during voir dire I talked about the immense range of the penalty range and that some jurors could imagine a circumstance where they might render a verdict of nine years and also might imagine circumstances where a verdict of 99 years or life would be appropriate. If you took an average time, it could fall somewhere right in the middle. That would be 52 years. I suggest that is a good starting point. If this were an average possession of cocaine case, 52 might be an appropriate sentence.

*Let's look at the nature of this particular crime. The reason the police officers were at 4410 Oxford, Apartment 58 in the first place was the fact there had been a shooting. Defense counsel is correct, there was no evidence the defendant was involved in that shooting, but it shows you the type of people he associates with, the type of circumstances which he lives in daily and the circumstances surrounding the fact these officers located a bag of cocaine,* about 37 individually wrapped packages, containing a total of 54 rocks of cracked cocaine. For an average crime, 52 might be appropriate. This isn't a small amount of cocaine. It's not an amount of cocaine which would be normal for personal use. It's possession of 37 individually wrapped packages. *I submit at this point your concentration should be somewhere between the 52 year sentence and 99 years or life.* The decision is going to be solely up to you and the 12 of you have to reach a unanimous verdict, but just to give you some guidelines, these are some of the things you need to think about.

We note initially that no objection was made to the state's argument and error, if any, has not been preserved. Thus, unless the argument of the prosecutor is so prejudicial that no instruction could cure the harm, the failure timely to object waives any error. *Losada v. State,* 721 S.W.2d 305, 312 (Tex.Crim.App.1986); *Green v. State,* 682 S.W.2d 271 (Tex.Crim.App.1984). We find that even if an objection had been made, the previous argument is not improper because it is both a summation of the

evidence and a reasonable deduction from the evidence.

The second instance appellant complains about occurred when the prosecutor argued the following:

He talked about the message to the community you send by your verdict. Probably this is an important consideration. The defense talked about deterrence. You may have your personal views on whether any sentence rendered to a defendant actually deters other crimes, but one of the purposes of punishment is that it be swift and sure and just. Those are the things you want to look at when you are determining punishment for a crime of this nature.

Another thing you might also look at would be the message that you are going to send to this defendant because you have to ask yourself, if not for this crime, then for what crime? If not now, then when? How many chances do you get? You have been to the Texas Department of Corrections before. You didn't make it. And you were in the same circumstances, probably, as you were when you went the first time. *You surround yourself with people who are drug users and people who shoot other people* and you also have in your possession 37 individually wrapped packages of cocaine.

 Once again error, if any, was not preserved because no objection was voiced by defense counsel concerning this argument. *Losada v. State*, 721 S.W.2d 305, 313 (Tex.Crim.App.1986). However, even if appellant had objected, we would find no error. This portion of the prosecutor's argument was merely a plea for law enforcement, and a reasonable deduction from the evidence. The prosecutor asked the jury to act *now* and reprimand appellant for *this* crime. The evidence admitted at trial showed that the cocaine was found inside appellant's apartment and appellant was in the apartment when the woman was shot. Considering the totality of the argument, we find that the prosecutor's argument in both instances was not, as appellant asserts, an invitation to speculate about the criminal activity engaged in by appellant or his friends. After reviewing the record as a whole we determine that the prosecutor's argument in both instances was not so harmful or prejudicial to merit reversal. Point of error four is overruled.

The judgment of the trial court is affirmed.