**Affirmed in Part, Reversed and Acquitted in Part, and Opinion filed May 12, 2015.**



In The

# Fourteenth Court of Appeals

### NOS. 14-14-00006-CR
### 14-14-00007-CR

## BERNARDO TORRES, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1377519 & 1377520**

## O P I N I O N

Challenging the legal sufficiency of the evidence supporting the jury's findings that he exercised care, custody, or control of methamphetamines and that he acquired or exercised control over a stolen firearm found in his house, appellant Bernardo Torres, Jr., appeals his convictions for possession of a controlled substance and theft. We affirm the trial court's judgment as to the possession

conviction and reverse the trial court's judgment and render a judgment of acquittal as to the theft conviction.

## *Background*

In an attempt to execute an arrest warrant for a female fugitive, police officers approached appellant's father Torres, Sr. outside his home. Officer Duron showed him a mugshot of the person the officers were seeking to arrest. Torres, Sr., said he did not know if the fugitive was inside but consented to a search of the house.[1] The officers entered through the back door into the kitchen and discovered in the kitchen, among other things, marijuana and marijuana paraphernalia, boxes of sandwich and freezer bags, a loaded rifle magazine, a revolver, two scales with methamphetamine residue, and a plastic bag containing methamphetamine.

In the living room, a man was asleep on the couch. Appellant's wallet, containing several expired school identification cards, was on a table in the living room along with a box of ammunition; two pistols, one of which had been reported stolen; more marijuana; and a Tupperware container containing 45.81 grams of methamphetamine. In one bedroom, officers discovered appellant's brother asleep on the bed. They also discovered rifles and rifle magazines in that bedroom. In the other bedroom, appellant was sleeping on one bed, and another man was sleeping on another bed. In that bedroom, officers discovered, among other things, marijuana paraphernalia, rifle magazines, and ammunition. The fugitive was not present.

Appellant had $2,225 in his pocket in various denominations. He told Duron that he received the money in payment from remodeling jobs over a nine-month period. A second officer put the money on appellant's bed. A K-9 unit

---

[1] There were two houses on the property, both owned by Torres, Sr. He resided at the house in the back of the property but consented to a search of the front house.

subsequently arrived, and its dog alerted to the odor of narcotics on the cash.

Appellant was indicted separately for possession with intent to deliver methamphetamine weighing more than four but less than 200 grams and for theft of a firearm. The cases were tried together. The jury found appellant guilty of both charges and assessed punishment for possession at 25 years in prison and punishment for theft at six months in the state jail.

### *Discussion*

In two appeals, appellant challenges the legal sufficiency of the evidence in support of his conviction for possession of a controlled substance on the basis that there is insufficient evidence of affirmative links showing that appellant exercised care, custody, or control of the controlled substance and his conviction for theft on the basis that there is insufficient evidence that he acquired or otherwise exercised control over the stolen weapon. We address each issue in turn.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In making this review, we consider all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the

factfinder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

## I.    Legally Sufficient Evidence of Possession of Controlled Substance

To prove appellant committed this offense, the State was required to show beyond a reasonable doubt that appellant knowingly possessed with intent to deliver methamphetamine in the amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code §§ 481.102(6), 481.112(a), (d). In that connection, the State was required to establish that appellant exercised control, management, or care over the controlled substance and knew it was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Appellant's connection to the contraband must be more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the same place as the controlled substance is insufficient to justify a finding of possession. *Id*. at 162.

Presence or proximity, when combined with other evidence, either direct or circumstantial, may establish possession. *Id*. When a defendant does not have exclusive possession of the place where the contraband was found, the reviewing court must examine the record to determine if there are additional independent facts that "affirmatively link" the defendant to the contraband. *See Poindexter*, 153 S.W.3d at 406. The requirement of "affirmative links" is aimed at protecting innocent bystanders from conviction based solely on their proximity to someone else's contraband. *Id*.

The following nonexclusive list of factors has been recognized as tending to establish affirmative links: (1) the defendant's presence when a search is

4

conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12; *Black v. State*, 411 S.W.3d 25, 29 (Tex. App.—Houston [14th Dist.] 2013, no pet.). It is "not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162. We conclude that the following affirmative link factors weigh in favor of the jury's possession finding.

**Appellant's Presence during the Search.** Appellant was present in the home during the search, albeit in another room away from where the contraband was located. This factor weighs only slightly in the State's favor, given the fact that presence in the same place as the controlled substance alone does not justify a finding of possession. *See id*.

**Contraband in Plain View.** Officers found methamphetamine in three places, in a plastic bag near the refrigerator, in the form of white powder on scales on the kitchen table, and in a clear Tupperware container on a living room table. All three specimens were in plain view in the house. However, appellant argues that the items were not in *his* plain view because he was in another room during the

5

search and the items were not "obviously contraband."

Whether the contraband was in plain view is judged from the perspective of someone placed in the defendant's position. *Allen v. State*, 249 S.W.3d 680, 695 (Tex. App.—Austin 2008, no pet.); *see also Hill v. State*, 755 S.W.2d 197, 201 (Tex. App.—Houston [14th Dist.] 1988, writ ref'd) (noting that contraband must be in plain view of accused). But that does not mean the contraband must be in defendant's view at the exact moment it is discovered. *See Wright v. State*, 401 S.W.3d 813, 820 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding contraband located "in plain view in the home and readily accessible to appellant" supported finding that "when appellant was inside the home, he possessed the [contraband]"). The key is whether the accused would have had occasion to see the contraband. *See Allen*, 249 S.W.3d at 695-96 (holding cocaine on platter on top back of refrigerator was not in plain view of appellant who was on a couch in another room when officer entered apartment despite evidence that officer was taller than appellant and could have seen it).

Here, the methamphetamine was located in three obvious places in the house. Notably, appellant's wallet was on the living room table near where some of the contraband was found. The jury reasonably could have inferred that appellant had had the opportunity to see the contraband, despite the fact that he was in the bedroom when officers entered the house. *See Hill*, 755 S.W.2d at 201 (holding that when appellant was found in his bedroom and "there were small bags of individually wrapped crack cocaine rocks located on numerous counters and coffee tables throughout [his] apartment" as well as in his bedroom, the jury could infer that appellant knew of the existence of the cocaine).

As to whether these items were "obviously contraband," they were discovered on scales, in plastic bags, and in close proximity to weapons,

6

ammunition, marijuana, and marijuana paraphernalia. The jury could infer from this evidence that appellant knew they were contraband. *See Wright*, 401 S.W.3d at 820 (holding jury could infer that appellant knew marijuana was contraband when plants were growing in his home and drug paraphernalia was present).

**Appellant's Proximity to and Accessibility of the Contraband.** Appellant argues that he was not in close proximity to the drugs because he was in another room. However, the house was small: officer testimony established it was "roughly half the size" of the courtroom where the case was tried. Thus, the contraband was in close proximity to the appellant. Moreover, it was conveniently accessible to appellant on the kitchen and living room tables and on the kitchen floor. *See Gregory v. State*, 159 S.W.3d 254, 260 (Tex. App.—Beaumont 2005, pet. ref'd).

**Other Contraband and Drug Paraphernalia in the Home.** In the appellant's bedroom, officers discovered a marijuana grinder along with rifle magazines and ammunition. Several guns were discovered in the house, one of which was stolen. Marijuana was discovered in the kitchen and living room. The following drug paraphernalia was also present: plastic baggies, two scales with methamphetamine residue, and a used marijuana "bomb," among other things.

**Appellant's Right to Possess Home.** Appellant's school identification cards, which were in his wallet on the living room table, and Texas driver's license all listed the address of the home where appellant was found as his residence, and appellant received mail at the home. The jury could infer from this evidence that appellant had the right of possession to the home. *See Wright*, 401 S.W.3d at 819.

**Contraband in Enclosed Place.** Appellant asserts the contraband was not enclosed because it was "not found in a backpack, duffle bag or footlocker or any other enclosed space or container under [a]ppellant's control." However, the contraband was enclosed, as it was found in the residence, a location not generally

accessible to the public. *See Gregory*, 159 S.W.3d at 260 (holding contraband was enclosed because it "was located inside the residence, an area not generally accessible to the public"). This factor also supports an inference of possession.

**Appellant Found with Large Quantity of Cash.** Appellant argues that the amount of cash found in his pocket, totaling $2,225, was not a large amount, had been saved from remodeling jobs, and was in large denominations, indicating it was not "drug money." The amount of cash must be viewed in conjunction with the surrounding circumstances to determine whether it is a large quantity. *See Evans*, 202 S.W.3d at 165 (concluding appellant's possession of $160 combined with evidence that appellant did not have a job and appellant was sitting near contraband "does have some slight probative value in connecting appellant to the actual care or custody of the drugs"). Here, appellant was found with a relatively large amount of cash in his pocket, and much of the cash was made up of twenty-dollar bills. The jury, as the factfinder and ultimate judge of credibility, was entitled to disbelieve appellant's explanation as to how he acquired the money. The evidence has some probative value supporting an inference that appellant obtained the money in conjunction with distributing drugs.[2] *See id*.[3]

Appellant finally argues that the affirmative links factors weigh in his favor "[g]iven the large number of people living [in the house]." But "control over contraband need not be exclusive[—it] can be jointly exercised by more than one

---

[2] The State also argues that because the officer's dog alerted to the presence of narcotics on the cash, that is also evidence that appellant possessed the contraband. Assuming without deciding that this evidence had probative value when the dog's alert did not indicate what type of narcotics was on the money and the State presented no evidence regarding whether money in general may have the presence of narcotics, we conclude regardless that there was other legally sufficient evidence supporting the jury's possession finding.

[3] *See also Young v. State*, No. 14-10-00406-CR, 2011 WL 3556934, at *2-3 (Tex. App.—Houston [14th Dist.] Aug. 11, 2011, no pet.) (mem. op.) (concluding large wad of bills totaling $1,352 found on appellant supported jury's finding that appellant possessed cocaine).

person." *Wright*, 401 S.W.3d at 820.

Viewing the evidence in the light most favorable to the verdict, we hold that the evidence of links between appellant and the methamphetamine was legally sufficient to support the jury's verdict that he possessed it. We affirm the trial court's judgment as to appellant's conviction for possession of methamphetamine.

## II. Legally Insufficient Evidence of Theft

To prove appellant committed theft, the State was required to prove beyond a reasonable doubt that appellant "unlawfully appropriate[d] property with intent to deprive the owner of property."[4] Tex. Penal Code § 31.03(a). An appropriation of property is unlawful if it is without the owner's effective consent. *Id*. § 31.03(b)(1). "Appropriate" means "to acquire or otherwise exercise control over property other than real property." *Id*. § 31.01(4)(B). The Penal Code does not provide a definition for the phrase "exercise control."

Appellant argues no evidence supports the jury's finding that he acquired or exercised control over the stolen gun other than the fact that his wallet was on the table next to it. The parties agree that a defendant's unexplained possession of *recently stolen* property permits an inference that appellant stole the property. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007). The State does not argue the inference applies here, but urges us to conclude that evidence of appellant's possession of the gun supports every element required to prove theft.[5] Appellant argues that even if he possessed the gun, the State was required to

---

[4] The indictment identifies the owner, who did not testify during trial.

[5] The State urges us to adopt an affirmative links test such as the one used in possession cases to determine whether appellant exercised control of the gun, because "control" is one of four ways in which possession is defined. *See* Tex. Penal Code § 1.07(a)(39) (defining "possession" as "actual care, custody, control, or management"). We decline to do so under the facts of this case.

present additional evidence connecting appellant to the theft. We agree.

Evidence of possession alone is not legally sufficient evidence of theft. *See Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984); *see also Marbles v. State*, 874 S.W.2d 225, 227 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Possession must be accompanied by "other facts connecting the defendant with the unlawful taking of the property," such as that the possession of stolen property was "recent, personal, unexplained, and involved a distinct and conscious assertion of right to the property." *Marbles*, 874 S.W.2d at 227-28; *see also Sutherlin*, 682 S.W.2d at 549. Moreover, joint control of the premises where stolen property is stored without further evidence that the defendant asserted a right to the property or was aware the property was stolen is insufficient evidence of theft. *Marbles*, 874 S.W.2d at 228 (citing *McKnight v. State*, 399 S.W.2d 552, 555 (Tex. Crim. App. 1966)). Assuming without deciding that appellant possessed the gun, the State presented no evidence of when—or under what circumstances—appellant acquired it.[6]

Viewing the evidence in the light most favorable to the verdict, we hold that the jury's theft verdict is not supported by legally sufficient evidence. We reverse appellant's theft conviction, and render judgment of acquittal as to that conviction.

### *Conclusion*

Concluding that legally sufficient evidence supports the jury's verdict against appellant for possession of methamphetamine, we affirm the trial court's judgment as to that conviction. Concluding that legally sufficient evidence does not support the jury's verdict against appellant for theft, we reverse the trial court's

---

[6] The State argues that it presented evidence that appellant intended to deprive the owner of the gun and did so without the owner's consent. But the only evidence the State relies on to support these arguments is that the owner reported the gun stolen and appellant possessed it.

10

judgment and render judgment of acquittal as to that conviction.


/s/    Martha Hill Jamison
Justice


Panel consists of Justices Busby, Brown, and Jamison.
Publish — TEX. R. APP. P. 47.2(b).

11