

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00040-CR

**BYRON KEITH LAWHON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F49340

## MEMORANDUM OPINION

In one issue, appellant, Byron Keith Lawhon, complains that the record evidence is insufficient to support his convictions for thefts of two camper trailers. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2016). We affirm.

### I. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Lawhon contends that the evidence supporting his convictions is insufficient because the State failed to prove beyond a reasonable doubt

that he "had the requisite intent to deprive the owners of the stolen trailers of their property."

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard enables the fact finder to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. In performing our sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are

treated equally: "Circumstantial evidence is a probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A culpable mental state is invariably proved by circumstantial evidence. *Giddens v. State*, 256 S.W.3d 426, 434 (Tex. App.—Waco 2008, pet. ref'd); *see Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). The jury may infer intent from any facts in evidence that the jury determines prove the existence of an intent. *Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003); *see Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (stating that the factfinder may infer intent or knowledge from any facts that tend to prove its existence, including the acts, words, and conduct or the accused).

To prove Lawhon committed theft, the State was required to prove beyond a reasonable doubt that he "unlawfully appropriate[d] property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a); *see Torres v. State*, 466 S.W.3d 329, 334 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "An appropriation of property is unlawful if it is without the owner's effective consent." *Torres*, 466 S.W.3d at 334 (citing TEX. PENAL CODE ANN. § 31.03(b)(1)). Moreover, "[a]ppropriate" means "to acquire or otherwise exercise control over property other than real property." TEX. PENAL CODE ANN. § 31.01(4)(B) (West Supp. 2016).

Here, Lawhon argues that the evidence only showed that he was briefly in possession of the two trailers and that is not enough to demonstrate that he had intent to deprive the owners of the trailers of their property. Evidence of possession alone is not legally-sufficient evidence of theft. *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984); *see also Marbles v. State*, 874 S.W.2d 225, 227 (Tex. App.—Houston [1st Dist.] 1994, no pet.). "Possession must be accompanied by other facts connecting the defendant with the unlawful taking of the property, such as that the possession of stolen property was recent, personal, unexplained, and involved a distinct and conscious assertion of right to the property." *Torres*, 466 S.W.3d at 335 (citing *Sutherlin*, 682 S.W.2d at 549; *Marbles*, 874 S.W.2d at 227-28 (internal quotations omitted)); *see Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007) (noting that a defendant's unexplained possession of recently-stolen property permits an inference that the defendant stole the property).

On January 23, 2015, at approximately 10:11 p.m., two pickup trucks pulling camper trailers entered the Texan RV Ranch located in Mansfield, Johnson County, Texas. The first pickup truck, a gold, Ford dually with a C and M flatbed, was pulling a Dutchman Voltage camper trailer.[1] The second pickup truck, a white, Chevy, immediately followed the gold pickup truck and was pulling a Holiday Rambler Traveler

---

[1] Investigators discovered that the Ford pickup truck had temporary license plates that were registered to a Mercedes vehicle owned by Stacy Darden, Lawhon's cousin who owns a car dealership.

camper trailer.[2]  The drivers of the pickup trucks found open spaces next to each other, parked their trailers for the night, and left.  As noted by Christie Coker, the office manager of Texan RV Ranch, the drivers had to go to the office of the trailer park the next morning to pay for the overnight spots because the drivers did not have a reservation.

The next morning, Coker received a call from one of the drivers, who identified himself as Wayne Davis.  Davis indicated that he had parked two campers overnight and would come by later to pay for their spots.  That afternoon, when her shift ended, Coker and her husband inspected the grounds of the trailer park.  Coker recognized a person from previous dealings standing next to the Dutchman Voltage camper trailer.  This person was later identified as Lawhon, who had several prior dealings with the trailer park.  In fact, Coker testified that Lawhon was on the blacklist at the trailer park because he had a history of slow pay or not paying at all for spots at the park.  In any event, Coker was later notified that Davis had gone to the office to pay for the two spots used by the camper trailers.  She returned to the office and spoke with Davis.  Coker believed that Davis was really Lawhon and confirmed her suspicion when she entered the phone number given by Davis into the company's database, and the database revealed Lawhon's contact information.  Because of his inclusion on the blacklist, Lawhon was

---

[2] Surveillance videos showed that the white Chevy pickup truck also had temporary license plates that apparently corresponded with a 2012 GMC Sierra 1500 pickup truck registered to Jeremy Curtis of Fort Worth, Texas.  Curtis testified that he does not know Lawhon; that he has never owned a white Chevy pickup truck; that he filed a report that his temporary license plates had been stolen; and that he did not give permission to anyone to use his temporary license plates on the white Chevy pickup truck or any other vehicle.

asked to leave the trailer park. Coker observed Lawhon get into his gold, Ford dually pickup truck and leave the trailer park without the trailers.[3] While watching Lawhon leave the premises, Coker called the Mansfield Police Department to report the possible theft of two camper trailers.

Sergeant Adam Cellars of the Mansfield Police Department responded to the scene and proceeded to inspect the Dutchman Voltage and Holiday Rambler Traveler camper trailers. Sergeant Cellars did not see any keys to the camper trailers, and he also observed that the locks had been punched out on both camper trailers. He ran the VIN numbers on the camper trailers and ascertained that the owner of the Dutchman Voltage was Brent Romine of Justin, Texas.[4] The owner of the Holiday Rambler Traveler was James Currie of Southlake, Texas.[5] Sergeant Cellars then contacted Romine and Currie and learned that both men had stored their camper trailers at the same secured storage facility—Justin Storage—in Justin, Texas. Both men also informed Sergeant Cellars that they had not given anyone permission to use or take their camper trailers and that they had last

---

[3] Lawhon never made any attempt to recover the two trailers after leaving Texan RV Ranch.

[4] Romine noted that numerous things were missing from his camper trailer after the theft, including "floor jacks, tools. . . . a nice recliner chair . . . surge protector . . . a Matthews bow, which is easily a thousand dollar bow . . . ." Romine further noted that he paid $69,272.54 for the new camper trailer in August 2012.

[5] In his testimony, Currie indicated that several items were stolen from inside the camper trailer, including "camping chairs, some knives, some cooking knives, a small tent, and a standing floor fan" and that he paid $22,579.48 for the new camper trailer on June 30, 2014.

checked on their camper trailers a few weeks prior to the thefts and recovery of the property.

In addition, Leslie Cruz and Travis Talbert also testified regarding items that Lawhon had stolen from them under circumstances similar to the instant case. Cruz noted that she stored a Wells Cargo trailer with a classic 1964 Chevrolet Impala inside at a secured facility, All Storage, in Grand Prairie, Texas. On April 21, 2013, Cruz realized that the trailer and Impala were missing from the storage facility and that she had not given anyone permission to take either. Talbert recounted that he stored his trailer carrying a "248 LS Montura Bowrider. It's a 2002 Monterray [sic]" boat at a secured facility in Cedar Hill and that the trailer and boat were stolen from the facility by someone. Subsequent investigations revealed that Lawhon had stolen from both Cruz and Talbert, and he was subsequently convicted.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational juror could have concluded that the cumulative force of all the incriminating circumstances is sufficient to demonstrate that Lawhon unlawfully appropriated the property of Currie and Romine with the intent to deprive them of their property. *See* TEX. PENAL CODE ANN. § 31.03(a); *Torres*, 466 S.W.3d at 334; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 895; *Clayton*, 235 S.W.3d at 778. This conclusion is supported by evidence showing that the trailers were stolen from the same secured facility in Justin; that the locks on the trailers were punched out; that the thefts occurred

within a few weeks of arriving at the Texan RV Ranch; that Lawhon used an alias and attempted to pay for the overnight spots for both trailers; that the record contains no explanation for Lawhon's possession of the two trailers; that Lawhon used his truck to tow one of the trailers; that Lawhon and the driver of the white Chevy pickup truck immediately followed each other into the Texan RV Ranch and parked the trailers next to each other; and that Lawhon had been convicted twice for thefts under similar circumstances within the last two years. *See Rollerson*, 227 S.W.3d at 725; *Sutherlin*, 682 S.W.2d at 549; *see also Torres*, 466 S.W.3d at 335; *Marbles*, 874 S.W.2d at 227-28 (concluding that the discovery of a stolen camcorder in the trunk of appellant's car, approximately two and one-half months after the theft, was not too remote in time). Accordingly, we find that the evidence is sufficient to support Lawhon's theft convictions in this case. *See* TEX. PENAL CODE ANN. § 31.03(a); *Torres*, 466 S.W.3d at 334; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 895; *Clayton*, 235 S.W.3d at 778. We overrule Lawhon's sole issue on appeal.

## II.    CONCLUSION

We affirm the judgments of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 15, 2017
Do not publish
[CR25]

