**Opinion filed February 13, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00188-CR

_____

## JESSIE JAMES JOHNSON JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR58588**

## M E M O R A N D U M   O P I N I O N

Appellant, Jessie James Johnson Jr., appeals his conviction for possession of a controlled substance in an amount of four grams or more but less than 200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West Supp. 2024). After the jury found him guilty, Appellant pleaded "true" to two enhancement allegations, and the jury assessed his punishment at fifty years'

confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019). The trial court pronounced the sentence in accordance with the jury's verdict. In one issue on appeal, Appellant contends that the evidence is insufficient to support his conviction. We affirm.

*Factual and Procedural History*

Sergeant Ryan Raines of the Midland Police Department was on patrol on August 19, 2022, when he observed a vehicle driving on the wrong side of the road so he initiated a traffic stop. Appellant was identified as the driver of the vehicle, and Atirya Green was identified as the sole passenger.[1] After observing what he believed to be marihuana residue "on top of a Subway cup in a center cupholder" of the vehicle's front seat console, Sergeant Raines obtained consent from Appellant to search the vehicle. Once inside the vehicle, the presence of marihuana residue was confirmed and four grams of a substance, later confirmed to be cocaine, was found hidden in the center compartment just in front of the center cupholders. The cocaine was located inside three small baggies within a "miniature purse." Appellant and Green each denied knowledge of the cocaine. Sergeant Raines testified that Appellant had $2,335 in cash in his possession, which included "three 100-dollar bills . . . one 50-dollar bill . . . 84 20-dollar bills . . . 21 ten-dollar bills; 17 five-dollar bills; and 10 one-dollar bills."

Appellant was handcuffed and placed in the backseat of a patrol unit with Green. Their communications in the patrol unit were recorded, and the recording was admitted into evidence at trial. In the recording, Appellant can be heard telling Green that he loved her and then, seconds later, stating: "You have to take it." When

---

[1]Green initially provided officers with the wrong name and date of birth. She was later found to have two outstanding warrants for misdemeanor offenses.

Green began repeating that she could not, Appellant assured her that he would take care of her, that she "would get probation," and thereafter warned Green, "Baby, do not cross me." Green then asked, "How much is in there," and Appellant responded, "It's—it's nothing."

*Standard of Review*

We review a challenge to the sufficiency of the evidence, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). In reviewing the sufficiency of the evidence to support a conviction, we must "consider the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found that the State has proven the essential elements of the crime beyond a reasonable doubt." *Baltimore v. State*, 689 S.W.3d 331, 341 (Tex. Crim. App. 2024) (citing *Jackson*, 443 U.S. at 319). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021) (quoting *Jackson*, 443 U.S. at 319). Therefore, if the record supports conflicting inferences, the reviewing court must "presume that the factfinder resolved the conflicts in favor of the prosecution" and defer to the factfinder's factual determinations. *Garcia v. State*, 667 S.W.3d 756, 762 (Tex. Crim. App. 2023) (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)). "[A] reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and

credibility of the evidence." *Id.* (quoting *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010)); *see* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007).

Under this standard, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted, and treat direct and circumstantial evidence equally. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Isassi*, 330 S.W.3d at 638; *Starks v. State*, 684 S.W.3d 868, 873 (Tex. App.—Eastland 2024, no pet.); *Ruiz v. State*, 631 S.W.3d 841, 851 (Tex. App.—Eastland 2021, pet. ref'd). In this regard, it is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish the defendant's guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, we may not use a "divide and conquer" strategy for evaluating the sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). We consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). But "juries trump both trial and appellate judges on weight-of-evidence determinations." *Evans v. State*, 202 S.W.3d 158, 164 (Tex. Crim. App. 2006) (citing *Jackson*, 443 U.S. at 326).

*Applicable Law*

We measure the sufficiency of the evidence by comparing the evidence produced at trial against "the essential elements of the offense as defined by the hypothetically correct jury charge." *Turley v. State*, 691 S.W.3d 612, 617 (Tex.

Crim. App. 2024); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Turley*, 691 S.W.3d at 617 (citing *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019)). "The law authorized by the indictment consists of the statutory elements of the offense as modified by the indictment allegations." *Baltimore*, 689 S.W.3d at 341.

Here, Appellant was charged with possession of a controlled substance under Section 481.115(d). *See* HEALTH & SAFETY § 481.115(d). To support a conviction for this offense, the State was required to prove that Appellant intentionally or knowingly possessed four grams or more but less than 200 grams of a controlled substance listed in Penalty Group 1, namely, cocaine. *See id.* §§ 481.102(3)(D), 481.115(a), (d); *Starks*, 684 S.W.3d at 873. "'Possession' means actual care, custody, control, or management." PENAL § 1.07(a)(39) (West Supp. 2024). Thus, the State was required to "show (1) that the accused exercised control, management, or care over the substance and (2) that the accused knew the matter possessed was contraband." *Robertson v. State*, 636 S.W.3d 740, 745 (Tex. App.—Eastland 2021, no pet.); *Redman v. State*, No. 11-22-00057-CR, 2023 WL 4373534, at *3 (Tex. App.—Eastland July 7, 2023, no pet.) (mem. op., not designated for publication).

A defendant's "[m]ere presence at the location where drugs are found is . . . insufficient, by itself, to establish actual care, custody, or control of those drugs." *Evans*, 202 S.W.3d at 161–62; *Smythe v. State*, No. 11-21-00238-CR, 2023 WL 4239836, at *2 (Tex. App.—Eastland June 29, 2023, no pet.) (mem. op., not designated for publication). However, a factfinder may otherwise infer that the defendant knowingly or intentionally possessed the contraband if sufficient facts and

circumstances support the inference of possession. *Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016). In this regard, Texas courts have formulated the "affirmative links" rule, which provides that "[w]hen the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166 (Tex. Crim. App. 2015) (alteration in original) (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981)). The following links have been applied to infer knowledge relating to the contraband upon a defendant:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Tate*, 500 S.W.3d at 414 (quoting *Evans*, 202 S.W.3d at 162 n.12); *see also Redman*, 2023 WL 4373534, at *4 ("The affirmative links rule is routinely employed to establish possession when the accused is not in exclusive possession of the place where the drugs are found; it is designed 'to protect the innocent bystander from conviction based solely upon [her] fortuitous proximity to someone else's drugs.'"

6

(alteration in original) (quoting *Poindexter*, 153 S.W.3d at 406). Further, it is "not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162; *see Hooper*, 214 S.W.3d at 13. "Although these factors can help guide a court's analysis, ultimately the inquiry remains that set forth in *Jackson*." *Tate*, 500 S.W.3d at 414 (citing *Jackson*, 443 U.S. at 318–19).

*Analysis*

Appellant asserts that the evidence is insufficient to support a finding that he intentionally or knowingly possessed the cocaine found inside his vehicle.

We begin by noting that the cumulative force of the evidence could have led a rational juror to believe that the cocaine found inside the vehicle belonged to Appellant. *See Baltimore*, 689 S.W.3d at 341. Appellant was not merely present where the cocaine was found—he was in close proximity to it as the cocaine was within arm's reach of the driver's seat he occupied. *See Tate*, 500 S.W.3d at 414 (assessing the appellant's proximity to and accessibility of the contraband as a factor); *see also Runnels v. State*, No. 11-17-00037-CR, 2019 WL 758469, at *4 (Tex. App.—Eastland Feb. 21, 2019, pet. ref'd) (mem. op., not designated for publication) (considering that the drugs were "found in close proximity to the passenger seat where [a]ppellant was sitting" as a factor indicating possession); *Diaz v. State*, No. 11-16-00301-CR, 2018 WL 4496252, at *3 (Tex. App.—Eastland Sept. 20, 2018, no pet.) (mem. op., not designated for publication) (considering the same when the appellant "was in the passenger seat of the pickup and the methamphetamine was found inside a purse in the cab of the pickup"). Appellant also had $2,335 in cash in his pockets at the time of the search. *See Tate*, 500 S.W.3d at 414; *see also Torres v. State*, 466 S.W.3d 329, 333–34 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (concluding that evidence of $2,225 found in the appellant's

pocket could support an inference of drug possession with intent to deliver); *Retana v. State*, No. 11-18-00044-CR, 2020 WL 976935, at *6 (Tex. App.—Eastland Feb. 28, 2020, pet. ref'd) (mem. op., not designated for publication) (considering the more than $160 in the appellant's possession as a factor linking the appellant to the contraband found). Moreover, the jury heard the conversation between Appellant and Green concerning the contraband, from which Appellant's culpability could be inferred. A rational jury could have concluded that Appellant's statements to Green, "You have to take it" and "do not cross me," his repeated assurances that he would "take care" of Green, and his answer to her question about the amount of drugs found in the vehicle were evidence of Appellant's knowledge of and control over the cocaine. *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018) ("As a reviewing court, we may not reevaluate the weight and credibility of the evidence in the record and thereby substitute our own judgment for that of the factfinder."); *see also Weedon v. State*, No. 11-19-00347-CR, 2021 WL 4470443, at *2 (Tex. App.—Eastland Sept. 30, 2021, no pet.) (mem. op., not designated for publication) (considering appellant's out-of-court statements as evidence that he knowingly possessed the drugs); *Mitchell v. State*, No. 11-19-00306-CR, 2021 WL 4097329, at *4 (Tex. App.—Eastland Sept. 9, 2021, no pet.) (mem. op., not designated for publication) (concluding "the statements made by Appellant during his jail telephone call indicated a consciousness of guilt," supporting his possession-of-a-controlled-substance conviction).

Although (1) Appellant denied ownership of the cocaine, (2) the cocaine was found inside a "miniature purse," and (3) there was a female inside the vehicle with him at the time, the mere existence of an alternative hypothesis (i.e., that only Green possessed the cocaine) does not render the evidence against Appellant insufficient. *See Jenkins v. State*, 493 S.W.3d 583, 601 (Tex. Crim. App. 2016) ("[W]e will not

usurp the role of the fact finder by factoring into our sufficiency analysis an alternative 'hypothesis inconsistent with the guilt of the accused.'") (quoting *Geesa v. State*, 820 S.W.3d 154, 159 (Tex. Crim. App. 1991)); *Espino-Cruz v. State*, 586 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) ("Control over the contraband may be exercised by more than one person."); *see also Rodriguez v. State*, No. 11-17-00214-CR, 2020 WL 1887716, at *3 (Tex. App.—Eastland Apr. 16, 2020, pet. ref'd) (mem. op., not designated for publication) (concluding the jury was free to reject a co-defendant's claim of exclusive ownership of cocaine found inside a pickup where the appellant was also present). Furthermore, while we observe the absence of some affirmative links in this case, this absence "does not constitute evidence of innocence to be weighed against the affirmative links present." *See Mixon v. State*, 481 S.W.3d 318, 324 (Tex. App.—Amarillo 2015, pet. ref'd) (quoting *Jones v. State*, 466 S.W.3d 252, 260 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd)); *see also Carmona v. State*, No. 11-22-00125-CR, 2023 WL 8631438, at *4 (Tex. App.—Eastland Dec. 14, 2023, no pet.) (mem. op., not designated for publication) (concluding sufficient affirmative links present despite several missing links, such as, no evidence that the drugs were in plain view, that she or her passenger were under the influence, that she made incriminating statements, that she attempted to flee, or that she possessed large amounts of cash); *Davenport v. State*, No. 13-17-00363-CR, 2019 WL 613275, at *6 (Tex. App.—Corpus Christi–Edinburg Feb. 14, 2019, pet. ref'd) (mem. op., not designated for publication) (same).

Viewing the evidence in the light most favorable to the verdict, we hold that there is sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Appellant intentionally or knowingly possessed the cocaine found inside his vehicle. *See Baltimore*, 689 S.W.3d at 341; *Tate*, 500

S.W.3d at 417–18; *Espino-Cruz*, 586 S.W.3d at 543; *see also* HEALTH & SAFETY § 481.115(a); PENAL § 1.07(a)(39). We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

February 13, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.